IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00056-CR

 

Gabriel Anthony Jimenez,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 361st District Court

Brazos County, Texas

Trial Court No. 06-00382-CRF-361

 



MEMORANDUM  Opinion










 

            After the trial court denied his
motion to suppress, Gabriel Jimenez pled guilty to two counts of possession of
a controlled substance.  He was sentenced in each count to one year in jail and
a fine of $3,000.  His sentence was suspended and he was placed on community
supervision for two years.  Jimenez appeals the denial of his motion to
suppress.  Because the trial court did not abuse its discretion in denying the
motion to suppress, we affirm the trial court’s judgment.

Background

            Officer Holt of the Bryan Police
Department was dispatched on a loud noise call to Jimenez’s house a little
after 2 a.m. on October 2, 2005.  Holt observed a party going on at the house
where minors were drinking beer obtained from a keg in the back yard.  Through
the open front door, he also observed a marijuana bong in the living room of
the house.  Holt asked Jimenez’s roommate, Chad Lovell, if he could enter the
house.  Lovell agreed.[1] 
Jimenez also agreed to Holt’s entry but was rude and patronizing to the
officer.[2]  Once
inside, and due to Jimenez’s behavior toward the officer, Holt patted down
Jimenez to check for weapons.  Holt felt a bulge in the back waistline of
Jimenez’s pants that felt like a prescription pill bottle.  He asked Jimenez
about the bulge and Jimenez denied having anything on him.  While talking with
Holt, Jimenez shook the pill bottle down the leg of his pants.  It fell out of
his pants onto the floor.  Holt picked it up and saw two different prescription
pills inside a pill bottle with no prescription label.

Warrantless Entry

            In his sole issue, Jimenez contends
that the trial court abused its discretion in denying the motion to suppress
evidence obtained during a warrantless entry into his house.  Specifically, he
argues that there were no exigent circumstances which would allow an exception
to the warrant requirement.  Jimenez however, ignores the trial court’s written
findings of fact. The court found, not only that exigent circumstances existed
for the entry, but also that Holt had consent from Lovell and Jimenez to enter
the house.  The court also found that Holt’s testimony was credible and that
Lovell’s testimony that Holt did not ask for permission to enter the house was
not credible.

            A finding of exigent circumstances is
not the only exception to the warrant requirement for entry into a person’s
home.  Consensual entry is another exception.  Schneckloth v. Bustamonte,
412 U.S. 218, 219, 93 S. Ct. 2041, 36 L. Ed. 2d 854 (1973); Johnson v. State,
226 S.W.3d 439, 443 (Tex. Crim. App. 2007).  Jimenez does not challenge the
trial court’s findings regarding consent to entry.  See State v. Aviles, No. 10-07-00371-CR, 2008 Tex. App. LEXIS 2577, *3 (Tex. App.—Waco Apr. 9, 2008, no pet.) (mem. op.) (“[B]efore we can hold that a trial court
erred vi[s-a-vis] an evidentiary ruling, it is incumbent upon the party
having the burden to prove error on appeal (i.e., the appellant) to
negate each potential basis supporting the ruling." quoting In
re T.M., 33 S.W.3d 341, 348 (Tex. App.—Amarillo 2000, no pet.)).  Further,
the evidence in the record supports the trial court’s finding.  Johnson v.
State, 226 S.W.3d 439, 443 (Tex. Crim. App. 2007). Accordingly, the trial
court did not abuse its discretion in denying Jimenez’s motion to suppress.

            The trial court’s judgment is
affirmed.  

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

Affirmed

Opinion
delivered and filed October 8, 2008

Do
not publish 

[CR25]









[1]
Lovell testified at the motion to suppress hearing that Holt did not ask for
permission to enter the house.

 





[2]
Jimenez did not testify at the motion to suppress hearing.








hat he was by the passenger door with
Garcia beside him—thus the driver necessarily was Cruz or Aguire. Cruz's injuries were
consistent with his being the driver, and blood on the driver's-side door was consistent with his
blood type. Viewing the evidence in the light most favorable to the verdict, we determine whether
any rational trier of fact could have found the essential elements of the crime beyond a reasonable
doubt. Jackson, 443 U.S. at 318-19, 99 S.Ct. at 2788-89; Geesa, 820 S.W.2d at 156-57. Under
the Jackson standard, we do not position ourselves as a thirteenth juror in assessing the evidence;
rather, we position ourselves as a final, due-process safeguard ensuring only the rationality of the
factfinder. See Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). We find that a
rational trier of fact could have found the essential element—that Cruz was the driver of the
vehicle—beyond a reasonable doubt. 
      We overrule the point and affirm the judgments.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed February 17, 1993
Do not publish